UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICKIE H. CARTER, *et al.*, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION H-10-2126 |
| BAC HOME LOANS SERVICING, L.P., *et al.,* | § § § | |
| *Defendants*. | § | |

## Order

Pending before the court is defendants' unopposed[1] motion to dismiss, or in the alternative, motion for a more definite statement. Dkt. 2. After review of the motion and the applicable law, the motion is GRANTED and the case is DISMISSED.

Plaintiffs Rickie H. Carter and Rosalyn G. Carter bring this suit against defendants BAC Home Loans Servicing, L.P. and Bank of New York Mellon for wrongful foreclosure, "debts" discharged by cancellation or renunciation, and fraud. Dkt. 1. Additionally, the Carters seek injunctive relief to set aside the foreclosure and rescind the foreclosure sale deed. *Id.* Defendants argue that the Carters lack standing to pursue the wrongful foreclosure claim and related injunctive relief as they are not the holders of the note nor deed of trust. Dkt. 2 at 4. Additionally, the defendants argue, the Carters' discharge claim also fails because they admit they do not owe the debt. *Id.* at 7. Lastly, any fraud claim that may be included in their complaint should be dismissed for failure to comply with Rule 9(b) of the Federal Rules of Civil Procedure. *Id.* at 9.

---

[1] The Carters did not file a response and, therefore, under the Local Rules of the Souther District of Texas, the motion is considered unopposed. S.D. TEX. LOC. R. 7.4

By the Carters' own admission, they were deeded the property by Warranty Deed, "which acknowledged the existence of the note but the Carters did not assume payment of the note or liability under any instrument securing the note." Dkt. 1, Ex. 3 at 2. Therefore, they lack standing to pursue a claim of wrongful foreclosure and their injunctive relief premised on the same must fail. *See Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. A'ppx 854, 856 (2009) (plaintiff not a debtor on the loan cannot bring a claim for wrongful foreclosure). Additionally, because the Carters admit they do not owe the debt, they cannot purse a discharge claim against the non-existent debt. Lastly, to the extent the Carters plead a fraud claim in their complaint when they state they are seeking attorney's fees and costs "as a result of the collective and fraudulent actions of the defendants" (Dkt. 1, Ex. 3 at 9), the claim wholly fails to meet the requirements of Rule (9b) of the Rule of Civil Procedure.

For these reasons, the defendants' motion to dismiss is GRANTED and this case is DISMISSED.

It is so ORDERED.

Signed at Houston, Texas on July 30, 2010.

_____
Gray H. Miller
United States District Judge